UNITED STATES of America, Plaintiff–Appellee,

v.

Kenneth Dewayne COPELAND, a.k.a. Kent D. Copeland, Defendant–Appellant.

No. 13–10273

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 6, 2013.

Before BARKETT, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Copeland, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2)

and Amendment 750 to the Sentencing Guidelines. As relevant background, in December 2006, Copeland pled guilty to: (1) distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 851; (2) possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D),[1] and 851, and 18 U.S.C. § 2; (3) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court found that Copeland was a career offender and sentenced him to 262 months' imprisonment. In January 2012, Copeland, proceeding *pro se,* moved for a reduction of sentence pursuant to § 3582(c)(2) and Amendment 750. The district court denied Copeland's motion, finding that Copeland was not eligible for relief because he was sentenced as a career offender, not under the crack cocaine guideline provision.

On appeal, Copeland argues for the first time that: (1) this Court's application of *Dillon v. United States,* 560 U.S. 817, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), violates separation-of-powers principles and that it was impermissible for Congress to delegate its power to legislate to the Sentencing Commission; and (2) U.S.S.G. § 1B1.10 acts as a mandatory-minimum statute that sets his mandatory-minimum sentence at 262 months, based solely on judge-found facts that were not charged in the indictment.[2]

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).

*United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012). We review issues raised for the first time on appeal for plain error. *United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir.2005). The four-prong plain-error analysis requires a defendant to show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court may modify a term of imprisonment "in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted, however, that a defendant is ineligible for a sentence reduction where an amendment "does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n. 1(A)). Amendment 750 retroactively lowered the sentencing range applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c). U.S.S.G.App. C, amend. 750 (2011).

In *Dillon,* the Supreme Court recognized that Congress defined eligibility for a sentence reduction based on the Sentencing Commission's determinations, and noted that § 3582(c)(2) applies "only to a limited class of prisoners ... whose sentence was based on a sentencing range subsequently lowered by the Commission." *Dillon,* 560 U.S. at ——, 130 S.Ct. at 2691. The Court held that the remedial holding

---

1. Copeland pled guilty to facts that included possession of 142.5 grams of marijuana.

2. Copeland alternatively requests mandamus relief and asks us to appoint him counsel in connection with his request for mandamus

relief. We decline to address Copeland's request for a writ of mandamus because mandamus relief is not proper in connection with this appeal.

of *Booker*—that the Guidelines must be treated as advisory—does not apply to limited sentence reductions authorized by § 3582(c)(2). *Id.* at ——, 130 S.Ct. at 2693.

In *United States v. Moore,* 541 F.3d 1323, 1327–30 (11th Cir.2008), we held that Amendment 706, which reduced the base offense level for crack-cocaine offenses, was inapplicable to the sentences of defendants who had been sentenced under § 4B 1.1 as career offenders. The defendants' sentences were based on the applicable guideline ranges for career offenders, and the defendants' otherwise applicable base offense levels under § 2D 1.1 played no role in the calculation of those ranges. *Id.* at 1330; *see Lawson,* 686 F.3d at 1321 (holding that the Supreme Court's decision in *Freeman v. United States,* 564 U.S. ——, ——, 131 S.Ct. 2685, 2690, 180 L.Ed.2d 519 (2011), did not overrule *Moore,* and applying the reasoning of *Moore* to Amendment 750).

The district court properly denied Copeland's motion for relief under § 3582(c)(2) because he was sentenced as a career offender, and thus, Amendment 750 did not have the effect of lowering his guideline range under § 4B1.1. Additionally, the district court did not plainly err by not considering, *sua sponte,* Copeland's constitutional challenges because a district court may not consider constitutional challenges to a sentence during a § 3582(c)(2) proceeding.

**AFFIRMED.**